IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLADYS TORRES-DE LEON; JUAN A. PEREZ-RODRIGUEZ<br>Plaintiffs<br>vs<br>CREATIVE PRODUCTS TRADING, INC.; GDF FULL FACTORY, INC.; JOHN DOE, as well as any other tortfeasors; A,B,C INSURANCE COMPANIES<br>Defendants | CIVIL 13-1719CCC |

**OPINION AND ORDER**

This case is a products liability action filed by Gladys Torres-de León and Juan A. Pérez-Rodríguez ("plaintiffs") against Creative Products Trading, Inc. and GDF Full Factory, Inc. ("GDF") ("defendants").

Plaintiffs allege that on or around the middle of July 2012, Torres watched a TV commercial in which a belt was being advertised as a device or equipment to reduce weight by means of heat and on or around July 31, 2012, she called the telephone offered in the TV and requested to buy the product with the expectation of having similar results of the ones advertised. They allege that the package was personally delivered on August 24, 2012 and at that moment she paid $139.00 for the belt including the shipping and handling. Plaintiffs aver that on September 5, 2012, Torres wore the belt and had to remove it because it became excruciatingly hot and she was not able to tolerate it. Plaintiffs aver that when Torres took it off, her skin was fiery red and irritated. They allege that when Torres woke up the next day, September 6, 2012, she was in pain and noticed a lot of blisters in her abdomen, and that by noon that day her blisters were worse and her pain was increasing, so she

CIVIL 13-1719CCC                           2

decided to go to the Surgycenter Emergency Room, a HIMA San Pablo Caguas facility where her blisters were ruptured, she was given oral antibiotics and a cream.  Plaintiffs allege that she was released that same day with no further indications, other than washing the area with soap and water.  They aver that after being released from the hospital, Torres started getting more blisters, the pain increased, and the area got infected.  Plaintiffs allege that on September 8, 2012, Torres went again to the Surgycenter Emergency Room, and after being evaluated she was admitted to HIMA San Pablo of Caguas where she was evaluated and diagnosed with a third degree burn in the abdomen, which required admission to the hospital, where she remained bedridden until she was discharged twenty (20) days later, on September 28, 2012.  Plaintiffs indicate that during her stay at the hospital, Torres underwent two (2) major surgical excisions:  on September 19, 2012 to have her pocrine xenograph placed, and on September 24, 2012, autograph was harvested from her own thigh and meshed on her abdomen.

Before the Court is GDF's Motion to Dismiss Pursuant to the One-Year Statute of Limitation filed on February 25, 2014 (**docket entry 9**), plaintiffs' Response in Opposition filed on March 25, 2014 (docket entry 14), defendant's Reply filed on March 31, 2014 (docket entries 16-1 and 21), and plaintiffs' Surreply filed on April 16, 2014 (docket entry 17).[1]  GDF alleges that this is an action for damages suffered by plaintiffs on September 5, 2012, and the applicable statute of limitations under the Civil Code of Puerto Rico is one (1) year.  They aver that the lawsuit is time-barred because it had to be filed on or

---

[1] Plaintiffs' Motion to Show Cause in Compliance with Court Order (DN20) filed on June 13, 2014 (**docket entry 22)** is NOTED.  Defendant GDF's Motion to Strike Plaintiffs' Sur-Reply filed on April 16, 2014 (**docket entry 18**) is DENIED.

CIVIL 13-1719CCC                              3

before September 6, 2013 since there is no question that plaintiffs had the knowledge required by the applicable law for the Statute of Limitations to begin to run on the same day of the incident which was September 5, 2012, and they did not file it until September 23, 2013, after the prescriptive period had already expired.  Plaintiffs counter that the complaint filed on September 23, 2013 is not time-barred because their action began to accrue when she was released from the hospital on September 28, 2012, and not when she was initially burned as GDF claims because while in the hospital, Torres was bedridden, in intensive care and unable to understand or gain knowledge of the claimed injuries and it was only after undergoing the two (2) surgeries and being informed of her permanent wounds and prognosis, that they gained knowledge of the claimed injuries.  Plaintiff further contend that their claim is not time-barred because an extrajudicial claim in the form of a letter sent by their attorney on October 15, 2012 to GDF timely tolled the statute of limitations.

**ANALYSIS**

The Civil Code of Puerto Rico provides in its Art. 1868 (P.R. Laws Ann. Tit. 31 § 5298) that actions for obligations arising out of fault or negligence prescribe one (1) year from the moment the aggrieved person has knowledge of the injury.  Guzmán-Rivera v. Rivera-Cruz, 29 F.3d (1st Cir. 1994); Lanuza v. Medic Emergency Specialties, Inc., 229 F. Supp. 2d 92, 98 (D.P.R. 2002). In reality, this statute of limitations begins to run the day after accrual of the claim.  Careras-Rosa v. Alves-Cruz, 127 F.3d 172 (1st Cir. 1997).  In Vera v. Dr. Bravo, 161 D.P.R. 308, 330, P.R. Offic. Trans. (2004), the Supreme Court of Puerto Rico determined that "[o]nce the aggrieved person discovers the damage caused by a bodily injury-by some outward or physical signs or symptoms through which he or she becomes aware of such damage – or when

CIVIL 13-1719CCC                        4

he or she should have reasonably recognized or discovered such damage and identified who caused it, the one-year period of limitation begins to run even if at the time it is impossible to assess *a priori* the extent of the damage. The aggrieved person need not know at that time the full extent of the harmful proceedings held for the purpose of seeking redress." It further stated that "[i]n considering said signs and symptoms under the reasonably prudent person standard, courts must determine whether the aggrieved person should have known that he had suffered the damage. It is necessary to assess whether the sufficiency of these signs and symptoms could have reasonably led the aggrieved person to conclude that said damage was indeed inflicted, even if it was impossible at that time to know the full scope and extent of the damage." Id.

In the instant case, by plaintiffs' own admissions,[2] after the initial burning on September 5, 2013, Torres woke up the next day with pain and blisters so she decided to go to the Surgycenter Emergency Room, an HIMA San Pablo Caguas facility where her blisters were ruptured, she was given oral antibiotics and a cream, then released that same day. Plaintiffs indicate that after Torres was released from the hospital, she started getting more blisters, the pain increased, the area got infected, and on **September 8, 2012**, she went again to the Surgycenter Emergency Room, and after being evaluated, she was admitted to HIMA San Pablo of Caguas where she was "**evaluated and diagnosed with a third degree burn in the abdomen, which required her admission to the hospital**." (Emphasis ours). A careful review of the record demonstrates that by September 8, 2012, Torres had full knowledge of the

---

[2] Plaintiffs' Response in Opposition to Motion to Dismiss by GDF Full Factory, Inc. (docket entry 14).

CIVIL 13-1719CCC                              5

nature of her injuries, the corresponding diagnosis and who and what had caused them.  The fact that she was further treated and operated does not extend the one-year statute of limitation.  It is at the latest, on September 8, 2012, when this accrued.  Plaintiffs' contention that their claim is not time-barred because it did not accrue until Torres was released from the hospital on September 28, 2012, has no factual or legal support.

   Plaintiffs alternative contention that their claim is not time-barred because an extrajudicial claim in the from of a letter sent by their attorney on October 15, 2012 to GDF timely tolled the statute limitations  also lacks merit. In <u>Cintrón v. Estado Libre Asociado de Puerto Rico</u>, 127 D.P.R. 582, 594, P.R. Offic. Trans. (1990), the Supreme Court of Puerto Rico limited the tolling effect of an extrajudicial letter to situations where the letter is "identical" to a subsequently filed complaint.  This identicality requirement has three components.  First, the extrajudicial letter and subsequent complaint "must seek the same from of relief."  <u>Rodríguez-García v. Municipality of Caguas,</u> 354 F3d 91, 98 (2004), Second, "[t]he causes of action asserted must be based on the same substantive claims" as asserted in the extrajudicial letter. <u>Id</u>.  Third, "provided that other Puerto Rico tolling statutes do not rescue the claims on other grounds, they must be asserted against the same defendant in the same capacities; new defendants should not be added."  <u>Id</u>.

  A review of plaintiffs' extrajudicial claim letter dated October 15, 2012, sent to GDF (docket entry 15-1) leads us to conclude that the identicality requirement established by the Puerto Rico Supreme Court in <u>Cintron</u>, supra, is not met by said letter.  For one, the letter is only addressed to GDF Full Factory, Inc. and makes no mention of the additional defendant Creative Products Trading, Inc. Additionally, the letter makes no mention that plaintiffs

CIVIL 13-1719CCC							6

seek monetary relief against either one of the defendants, failing to put them on notice of a potential lawsuit for damages.  Plaintiffs' lawyer at that time only advises GDF that they represent plaintiffs "with regards to injuries/permanent scaring sustained as a result of [their] defective product", and asks GDF to send written confirmation acknowledging receipt of  the letter at their first convenience, or forward a copy of the correspondence to their insurance company so that they may deal with them directly.  Finally, plaintiffs failed to define a specific cause of action that they would assert against the recipient of the letter in a subsequent judicial complaint.  Thus, they failed to put movant on notice with sufficient detail of the nature of the claims that were later raised in this action.  Consequently, the October 15, 2012 letter does not meet any of the requirements established by the P.R. Supreme Court that would toll the statute of limitation, and thus, plaintiffs' complaint is time-barred.

## **CONCLUSION**

For the reasons stated above, the Court GRANTS defendant GDF's Motion to Dismiss Pursuant to the One-Year Statute of Limitations (**docket entry 9**).  Accordingly, it is ORDERED and ADJUDGED that the complaint be and is hereby DISMISSED, with prejudice against GDF Full Factory, Inc.  Partial Judgment shall be entered on this same date.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2014.


								S/CARMEN CONSUELO CEREZO
								United States District Judge